McCutchin v. Taylor.

## J. D. McCUTCHIN v. R. Z. TAYLOR.

1. EMPLOYER AND EMPLOYEE. *Contract.* An agreement to give a part of the crop in consideration of the labor of tillage is as much a hiring as an undertaking to pay in money.

2. SAME. *Damages.* Upon a suit for decoying away hands under such an agreement, in estimating the damages it will be competent to look to everything resulting from the loss of labor such as the reasonable cost of procuring other labor; the damage to crops from delay in planting or failure to work them, and such kindred damages as plaintiff by reasonable diligence could not have prevented.

FROM GIBSON.

Appeal in error from the Law Court at Humboldt. J. T. CARTHEL, J.

JOHN S. COOPER for McCutchin.

W. C. CALDWELL and S. H. WILLIAMS for Taylor.

TURNEY, J., delivered the opinion of the court.

McCutchin sues Taylor for damages "for decoying from him certain hands," etc. The proof shows that McCutchin had contracted with certain negroes to cultivate certain lands for the year 1878. The crop to be divided. It is insisted that Taylor hired or enticed the negroes to leave McCutchin in violation of chapter 93 of the act of 1875.

There was verdict and judgment for McCutchin. Taylor appeals and insists that the negroes were not in the employ of McCutchin, in the sense of the statute. That the statute is applicable to contracts for personal service only. The language is: "That hereafter it shall not be lawful for any person in this State, knowingly to him, to contract with, decoy or entice away, directly or indirectly any one, male or female, who is at the time under contract or in the employ of another."

The second section provides: "That any person violating the provisions of the first clause of the first section of this act, shall be liable to the party who had originally had and was entitled to the services of said employee, by virtue of a previous contract, such damages as he may reasonably sustain by the loss of the labor of said employee," etc.

If it be admitted as insisted that the statute is only applicable to contracts for personal service, the case comes within it. The substance of the proof is, McCutchin wanted them to cultivate his land. He contracted with the negroes to do it. He was to superintend and direct.

The agreement to give a part of the crop in consideration of the labor of tillage, is as much a hiring as an undertaking to pay in money.

We know the land owners of the country are in the habit of procuring labor by such arrangements. Many of them are unable to pay a money consideration for labor. A part of the crop is a substitute for money.

The court charged the jury that the measure of damages, if it be for the plaintiff, would be the reasonable rental value of the lands, team, tools, etc., which the plaintiff had agreed to furnish and which he necessaaily lost by reason of the employee's failure.

This was error. The second section of the act gives such damages as the person may reasonably sustain by the loss of the labor of the employee, etc.

In estimating the damages it will be competent to look to every thing resulting from the loss of labor, such as the reasonable cost of procuring other labor; the damages resulting to crops from delay in planting, or if planted, from failure to work them, or such kindred damages as the plaintiff could not by reasonable diligence have prevented, and which would not have accrued but for the bad faith of the defendant.

Reversed.